

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

December 8, 1950

Hon. Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-1129

Re: Application of the annual
shooting gallery tax to shoot-
ing galleries operated in
connection with carnivals.

Dear Mr. Calvert:

You request the opinion of this office upon the questions presented in your letter of October 27, 1950, as follows:

"Article 7047, Sub-division 35, as amended, lev-
ies an annual State Tax on Shooting Galleries.

"Article 7047, Sub-division 25(b), as amended,
levies a quarterly tax on carnivals.

"A ruling by this Department has held that a shoot-
ing gallery operated in connection with a carnival is not
covered by the carnival tax but owes the separate tax as
a shooting gallery.

"Some of our field men, whose duty is to collect
this tax, are of the opinion that a shooting gallery oper-
ating in connection with a carnival is covered by the
carnival tax and does not owe the shooting gallery tax.

"In view of the conflicting opinions on this mat-
ter I would appreciate your advising me whether the
quarterly tax paid by a carnival would cover a shooting
gallery, or whether the shooting gallery would pay the
separate tax.

"Would your answer be the same if the shooting
gallery was owned by the carnival owner or if it was
not owned by the carnival but operating with the carni-
val on a concession basis?"

Subdivision 35 of Article 7047, V.C.S., reads:

"From every person, firm, association of persons,
or corporation, owning or operating a shooting gallery
at which a fee is paid or demanded, there shall be col-
lected an annual tax of Fifteen Dollars ($15)."

Subdivision 25(b) of Article 7047 is as follows:

"From every carnival showing or exhibiting in
this State, there shall be collected in advance a quar-
terly tax of Fifty Dollars ($50); provided that from
every carnival showing or exhibiting in only one coun-
ty in this State in any calendar year there shall be col-
lected in advance the quarterly tax of Fifty Dollars
($50) until One Hundred Dollars ($100) has been paid,
whereupon no additional tax shall be collected during
the same calendar year so long as such carnival has
shown in only one county during such calendar year; it
being the purpose hereof to require carnivals showing
in only one county in any calendar year to pay not more
than One Hundred Dollars ($100) per year."

It is significant to note the language employed by the
Legislature in these taxing statutes. By express language the shoot-
ing gallery tax is collected from every person, firm, association
of persons, or corporation owning or operating a shooting gallery
at which a fee is paid or demanded, and the carnival tax is collect-
ed from every carnival showing or exhibiting in this State.

The term "carnival" has an extended signification, and
comprehends a variety of amusements. As defined by Webster's
New International Dictionery (2nd Ed. 1938) it means "an amuse-
ment enterprise consisting of sideshows, vaudeville, games of chance,
merry-go-rounds, etc.; also, an association for conducting such an
enterprise." It may be conceded that its signification is broad e-
nough to cover exhibitions of every kind and character from which
amusement is derived, including a shooting gallery. A shooting gal-
lery likewise has a well understood and distinct meaning in its com-
mon acceptation and is defined by the same edition of Webster's New
International Dictionary as "a range, usually covered, with targets
for practice with firearms." A carnival may be complete in all par-
ticulars under the foregoing definition without a shooting gallery.
Conversely, a shooting gallery may, and often does, operate inde-
pendently and without any connection whatsoever with a carnival.

In the enactment of the above statutory provisions per-
taining to shooting galleries and carnivals, the Legislature was priv-
ileged to make this classification and render both subject to taxation.
They both may be reasonably classified as places of popular amuse-
ment distinct and separate from each other, although a shooting gal-
lery may be one of the attractions of a carnival.

The State occupation tax was first imposed on shooting
galleries in 1897, and on carnivals in 1915. The Legislature last
amended both Subdivision 25(b) and Subdivision 35 of Article 7047

in 1943, in the same amendatory act (Acts 48th Leg., 1943, ch. 372, p. 654). There is nothing in this act or any prior acts to indicate a legislative intent to exempt shooting galleries if operated in connection with a carnival. In the absence of such a legislative intent, either expressed or implied, we think the ruling of your Department is correct and both are subject to tax.

Our ruling would be the same whether the shooting gallery was owned by the carnival owner or by someone else, and whether it was operated by the carnival or on a concession basis.

## SUMMARY

A shooting gallery operated in conjunction with a carnival, either through ownership by the carnival or on a concession basis, is subject to the tax imposed by Subdivision 35 of Article 7047, V.C.S.

Very truly yours,

PRICE DANIEL
Attorney General

By L. P. Lollar
L. P. Lollar
Assistant

APPROVED:

W. V. Geppert
Taxation Division

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant